PD-0681-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/3/2015 3:51:59 PM
Accepted 6/4/2015 11:24:32 AM
ABEL ACOSTA
CLERK

No. 11-13-00055-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DAVID LEE CLEMENT, JR.,                                                   Appellant

v.

THE STATE OF TEXAS,                                                        Appellee

Appeal from Wise County

\* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

\* \* \* \* \*

June 4, 2015

ABEL ACOSTA, CLERK

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

\*   The parties to the trial court's judgment are the State of Texas and Appellant, David Lee Clement, Jr.

\*   The trial Judge was Hon. John H. Fostel.

\*   Trial counsel for the State was District Attorney Gregory Lowery and Assistant District Attorneys Jay Lapham and Tim Cole, 101 N. Trinity, Suite 200, Decatur, Texas 76234.

\*   Counsel for the State before the Court of Appeals was Assistant District Attorney Lindy Borchardt, 101 N. Trinity, Suite 200, Decatur, Texas 76234, and Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\*   Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\*   Counsel for Appellant in the trial court and before the Court of Appeals was Jim Shaw, 916 W. Belknap, Fort Worth, Texas 76102.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1.   **Does a suppression motion's mere citation to the Fourth Amendment and probable cause, or a belated closing argument that anything after the "stop" be suppressed due to lack of probable cause for "arrest," preserve an illegal arrest claim?**

2.   **Did the lower court err by basing its illegal arrest holding on the officer's subjective reasoning rather than the objective facts he articulated that routinely support a DWI arrest?**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-15

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

APPENDIX A (Court of Appeals Opinion on Original Submission)

APPENDIX B (Court of Appeals Opinion on Rehearing)

i

## INDEX OF AUTHORITIES

**Cases**

*Amador v. State*, 275 S.W.3d 872 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . 14 n.18

*Buchanan v. State*, 207 S.W.3d 772 (Tex. Crim. App. 2006). . . . . . . . . . . . . . 9 n.6

*Clement v. State*, __ S.W.3d__, 11-13-00055-CR, 2015 Tex. App. LEXIS 2671 (Tex. App.—Eastland 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Clement v. State*, __ S.W.3d__, 11-13-00055-CR, 2015 Tex. App. LEXIS 4801 (Tex. App.—Eastland 2015, on reh'g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Curtis v. State*, 238 S.W.3d 376 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . 14 n.19

*Devenpeck v. Alford*, 543 U.S. 146 (2004). . . . . . . . . . . . . . . . . . . . . 13 n.14, 15

*Douds v. State*, PD-0857-14 (submitted March 18, 2015). . . . . . . . . . . . . . . 12 n.11

*State v. Elias*, 339 S.W.3d 667 (Tex. Crim. App. 2011). . . . . . . . . . . . . . 12 n.12, 13

*State v. Esparza*, 413 S.W.3d 81 (Tex. Crim. App. 2013). . . . . . . . . . . . 9 n.6, 10 n.7

*Foster v. State*, 326 S.W.3d 609 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . 14 n. 17

*Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . 11 n.9

*Handy v. State*, 189 S.W.3d 296 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . 7 n.3

*Hernandez v. State*, 176 S.W.3d 821 (Tex. Crim. App. 2005). . . . . . . . . . . . . 10 n.8

*Leal v. State*, PD-1638-14 (Tex. Crim. App. 2015) (not designated for publication) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 n.11

*Maxwell v. State*, 253 S.W.3d 309 (Tex. App.—Fort Worth 2008). . . . . . . . 15 n.20

*State v. Mercado*, 972 S.W.2d 75 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . 11 n.9

*Navarette v. California*, 134 S. Ct. 1683 (2014). . . . . . . . . . . . . . . . . . . . . . 14 n.16

*Ouellette v. State,* 353 S.W.3d 868 (Tex. Crim. App. 2011). . . . . . . . . . . . . . 15 n.20

*Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . 10 n.7

*State v. Robinson*, 334 S.W.3d 776 (Tex. Crim. App. 2011). . . . . . . . . . . 7 n.3, 8 n.5

*Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). . . . . . . . . . . . . 12 n.12

**Statutes and Rules**

TEX. CODE CRIM. PROC. art. 28.01 § 2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. APP. P. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 n.10

TEX. R. APP. P. 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 n.2, 8 n.4

No. 11-13-00055-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DAVID LEE CLEMENT, JR.,                                          Appellant

v.

THE STATE OF TEXAS,                                              Appellee

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully urges this Court to grant discretionary review.

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

1

## STATEMENT OF THE CASE

After Appellant's motion to suppress was denied, he was convicted of felony DWI and sentenced to four years' imprisonment. The court of appeals reversed the trial court's suppression ruling. It held that Appellant's challenge to the legality of his arrest was preserved because: (1) his motion cited the Fourth Amendment and probable cause standard applicable to arrests, and (2) he argued he was arrested without probable cause in his closing statement at the suppression hearing. It then held that the arresting officer lacked probable cause because, even though he testified about several facts that courts consider decisive in assessing probable cause, he justified the arrest based solely on the smell of alcohol on Appellant's breath.

## STATEMENT OF PROCEDURAL HISTORY

In a published decision, the Eastland Court of Appeals reversed the trial court's denial of Appellant's motion to suppress. *Clement v. State*, __ S.W.3d__, 11-13-00055-CR, 2015 Tex. App. LEXIS 2671 (Tex. App.—Eastland 2015). The State filed a motion for rehearing, which the court of appeals denied in a published opinion. *Clement v. State*, __ S.W.3d__, 11-13-00055-CR, 2015 Tex. App. LEXIS 4801 (Tex. App.—Eastland 2015, on reh'g).

**FACTS**

Trooper Jeff Johnson received a dispatch report about the presence of a "possible intoxicated" owner of a white Pontiac at a nearby Exxon station around 12:30 a.m. on a Sunday morning. 2 RR 12-13, 16. Soon after, Johnson stopped at a gas station across the street from the Exxon and spotted the white Pontiac backing up in the parking lot.[1] 2 RR 13. When Appellant pulled onto the road, Johnson followed. 2 RR 14. Appellant accelerated quickly, and Johnson checked Appellant's speed on his radar unit. 2 RR 14. Appellant was traveling 62 m.p.h. in a 55 m.p.h. zone. 2 RR 14. When Johnson activated his overhead lights, 2 RR 19, Appellant pulled onto the right shoulder and almost "struck" the guardrail before stopping. 2 RR 23.

Johnson told Appellant he stopped him for speeding. 2 RR 25. Johnson smelled alcohol on Appellant's breath, and he and Appellant discussed what Appellant had to drink. RR 25, 27. Appellant declined to participate in any field sobriety tests. 2 RR 26. Johnson agreed with defense counsel's statement that he arrested Appellant for DWI "based on the odor of alcohol on his breath." 2 RR 25-26.

The trial court denied Appellant's motion to suppress. 2 RR 31.

---

[1] The Pontiac was the only other vehicle in the lot besides a local police unit. 2 RR 17.

## GROUNDS FOR REVIEW

1. **Does a suppression motion's mere citation to the Fourth Amendment and probable cause, or a belated closing argument that anything after the "stop" be suppressed due to lack of probable cause for "arrest," preserve an illegal arrest claim?**

2. **Did the lower court err by basing its illegal arrest holding on the officer's subjective reasoning rather than the objective facts he articulated that routinely support a DWI arrest?**

## ARGUMENT

### Court of Appeals on Original Submission

Appellant alleged, among other things, that his arrest was not supported by probable cause. *Clement*, 2015 Tex. App. LEXIS 2671, at *9. On original submission, the court of appeals addressed preservation *sua sponte* and held that Appellant preserved his claim. *Id*. at *13 n.5. The court then held that the trial court erred to deny Appellant's suppression motion. *Id*. at *15. The court observed that, while Johnson stated that the odor of alcohol on Appellant's was a "factor" in his decision to arrest Appellant, "the record is silent as to what other factors Trooper Johnson *may* have relied upon . . . ." *Id*. at *15-16 (emphasis in original). Continuing, the court stated:

> To hold otherwise would require us to speculate on what factors, if any Trooper Johnson may have relied upon in arresting Appellant, including his refusal to perform field sobriety tests, Appellant's response to the question of what he had been drinking, Appellant's speeding violation, and Appellant's act of almost striking the guardrail.

4

*Id*. at *16.

## Court of Appeals Rehearing

On rehearing, the State claimed the court of appeals erred to hold that Appellant's arrest challenge was preserved because his objection was neither specific nor timely. State's Motion for Rehearing, at 2-6. The State also argued, in the alternative, that the court improperly applied a subjective standard of review and consequently erred to hold Appellant's arrest was not supported by probable cause. State's Motion for Rehearing, at 6-8. The court of appeals disagreed and denied the State's motion. *See generally, Clement*, 2015 Tex. App. LEXIS 4801, at *1-13.

**1.    Appellant's illegal arrest complaint was not properly preserved.**

Appellant filed a pretrial motion to suppress. 1 CR 18-19. In it, he argued:

> the stop of Defendant was without a warrant or probable cause. There was no probable cause based upon acceptable scientific protocol. Further, the so-called-tipster was not shown to be credible. The officer did nothing to corroborate the tip from the unknown informant.

1 CR 19.

At the beginning of the suppression hearing, Appellant asked the State to stipulate that he was stopped without a warrant. 2 RR 10. The State agreed and called Johnson to testify. 2 RR 11-16. After establishing that Johnson stopped Appellant for speeding, the State passed the witness. 2 RR 16. Appellant cross-

5

examined Johnson about the facts leading up to the stop and then questioned him about the circumstances leading up to his arrest.  2 RR 16-28.

In closing, the prosecutor asserted: "The radar unit showed his speed over the posted speed limit, so based on that he had probable cause to stop."  2 RR 29.

Appellant responded, first addressing the stop:

> Well, without calling into account the credibility of the officer's ability to recollect, this stop was predicated on an uncorroborated informant's tip[] that there was a possible intoxicated driver; no showing how that person knew they were intoxicated, who it was from, or whether they were credible.  So it gets down to the officer trying to make a stop.
>
> When he sees the guy driving properly down the street, and he sees the vehicle being operated correctly, he sees the driver of the vehicle driving between a white line and the guardrail; a keen sense of driving, he says; but he pulls him over anyway for speeding; and that's -- that's where the stop is.

He then changed topics and argued:

> And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything.  No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.
> It's our position that *anything after the stop should be suppressed, because there's no probable cause for his arrest*.
> The arrest led to an interview.  The interview led to a mandatory blood draw, based upon the belief that it was his third DWI.

2 RR 30 (emphasis added).

6

Proper preservation is lacking for two reasons: non-specificity and untimeliness.[2] On rehearing, the court of appeals held that Appellant's reference to the Fourth Amendment and probable cause standard in his motion to suppress, combined with his closing argument, were sufficient to preserve error. *Clement*, 2015 Tex. App. LEXIS 4801, at *4-9.

Given the record here, the court's determination essentially renders current preservation standards meaningless.

## A. Specificity

While the State carries the burden to justify a warrantless stop or arrest, the defendant has the (pre-shifting) initial burden of raising a challenge to the validity of the stop or arrest.[3] Appellant's motion broadly referencing the Fourth Amendment and probable cause were not sufficient to notify the State and trial court that he was contesting his arrest. This is especially true given the remainder of the motion. It explicitly challenged the validity of the stop, scientific protocol and testing, and

---

[2] *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring a complaint to be timely and the reason to be made with "sufficient specificity" to make the trial court aware of it).

[3] *State v. Robinson*, 334 S.W.3d 776, 778-79 (Tex. Crim. App. 2011) ("A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct."); *cf. Handy v. State*, 189 S.W.3d 296, 298-99 (Tex. Crim. App. 2006) (the State had no duty to exhibit the warrant and supporting affidavit because Handy's boilerplate suppression motion failed to satisfy his initial burden to prove standing or that the search was unreasonable on its face).

tipster credibility. Notably, it incorrectly stated that the justification for the stop is measured by probable cause. The explicit items mentioned and the confusion about the applicable standard for an arrest cuts against the conclusion that the motion can legitimately be understood as a challenge to an arrest.

Next, Appellant's closing argument also failed to provide adequate notice that he was contesting the legality of his arrest. The stated violation and relief requested are incongruous: A lack of probable cause for the *arrest* does not support the requested relief of suppression of anything after the *stop*. Therefore, as with his motion, it is unreasonable to conclude that Appellant was challenging and requesting a ruling on the legality of his arrest.

## B. Timeliness

Even assuming that Appellant's closing remarks should have provided notice that the validity of Appellant's arrest was now at issue, that challenge was untimely.[4] Appellant's suppression motion and stated agenda at the hearing concerned only the validity of the stop. The State should be entitled to rely on Appellant's strategically selected litigation notice when defending against his motion in court.[5] The State

---

[4] *See* TEX. R. APP. P. 33.1(a)(1)(2).

[5] *Cf. Robinson*, 334 S.W.3d at 779 ("Since appellee never produced evidence of a statutory violation, the State never had the burden to prove that the blood sample was drawn by a qualified person.").

8

prepared for the hearing accordingly and limited its questioning to the contested issue. The arrest issue was outside the scope of the purpose of the suppression hearing. Therefore, Appellant's belated complaint about his arrest, thrown in (disjointedly) at the end of his closing argument, was made too late for purposes of requesting suppression at the hearing.[6] The State should not have to litigate the merits of an issue on appeal when the defendant did not timely raise the complained-of error in the trial court.

Additionally, Appellant was responsible for timely designating any suppression issue(s) under Texas Code of Criminal Procedure Article 28.01, Section 2. That provision states that pretrial hearing matters not raised or filed seven days before the hearing cannot thereafter be raised or filed, except with the court's permission and good cause shown. TEX. CODE CRIM. PROC. art. 28.01 § 2. Here,

---

[6] *Cf. State v. Esparza*, 413 S.W.3d 81, 87 n.23 (Tex. Crim. App. 2013) ("The State was never alerted that it must satisfy a burden at the pretrial hearing to produce evidence sufficient to establish scientific reliability. To affirm the trial court's ruling that granted the appellee's motion to suppress on the basis of a failure by the State to produce evidence under these circumstances is unacceptable."); *Buchanan v. State*, 207 S.W.3d 772, 777 (Tex. Crim. App. 2006) ("Nothing about the hearing up to [the closing argument] would reasonably have alerted the trial court or opposing counsel that the appellant meant to challenge the legality of his arrest under Chapter 14, as opposed to the constitutional provisions cited in his written motion to suppress.").

9

there is no evidence that Appellant made a "good cause" argument to justify his failure to raise the claim earlier. Unless challenged by a specific objection or motion, the State need not present evidence to satisfy its ultimate burden with respect to any viable, potential issue that could be raised by the defendant.[7] If no rule preventing unfair surprise existed, then the State would be saddled with the burden of securing all the necessary witnesses to address each and every possible legal issue a defendant could decide to raise at a scheduled hearing.[8] This would have a significant negative impact on judicial resources.

The court of appeals rejected the State's reliance on Article 28.01, Section 2. It determined that the State failed to cite any authority stating that Section 2's

---

[7] *See Pham v. State*, 175 S.W.3d 767, 773-74 (Tex. Crim. App. 2005) ("We have long held that the burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case.") (internal quotes deleted); *cf. Esparza*, 413 S.W.3d at 86 (while the proponent of scientific evidence carries the burden of proving reliability at a pretrial hearing or at trial, the proponent is not obligated to satisfy the burden until the opponent objects on the basis of reliability). Nor should suppression hearings be treated as a mechanism for discovery.

[8] *Cf. Hernandez v. State*, 176 S.W.3d 821, 825-26 (Tex. Crim. App. 2005) (State's failure to provide TEX. R. EVID. 404(b) notice indicates that it does not think an extraneous offense is relevant, thereby relieving the defendant of having to prepare to defend against it).

10

timeliness requirement trumps the timeliness requirements for preservation under Texas Rule of Appellate Procedure 33.1. *Clement*, 2015 Tex. App. LEXIS 4801, at *9. It also held that the State could not rely on this theory to justify the trial court's ruling because it failed to present this argument in the trial court. *Id*. at *9-10.

First, there is no procedural default, as the State was the winning party in the trial court.[9] Second, Article 28.01, Section 2 is not trumped by Rule 33.1. It is a statute, addressing the time requirement for raising issues to be heard at a pretrial hearing, and thus trumps Rule 33.1 according to the hierarchy of laws.[10]

This Court should grant review to refine pre-trial suppression issue preservation requirements. Though a large portion of the Court's docket includes pretrial suppression claims, the Court has not fully fleshed out the timeliness requirements as it relates to the moving party's burden, judicial economy, orderly hearings,

---

[9] *Hailey v. State*, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002) ("'Ordinary notions of procedural default' do not require a prevailing party to list or verbalize 'in the trial court every possible basis for upholding' its decision.") (quoting *State v. Mercado*, 972 S.W.2d 75, 77-78 (Tex. Crim. App. 1998)).

[10] *See* TEX. R. APP. P. 2 (a court must not construe the authority of an appellate court to suspend the Rules of Appellate Procedure "to suspend any provision in the Code of Criminal Procedure").

confusion of the issues, and fishing expeditions.  Further, recent action by the Court

indicates that it has become interested in settling firmer guidelines.[11]

**2.  Alternatively, the court of appeals violated the applicable standards of review when deciding the legality of Appellant's arrest.**

Addressing the merits on rehearing, the State argued that the court of appeals

violated two basic standards of review in reversing the trial court's decision: (1) that

the officer's subjective belief about why the arrest was justified is irrelevant as long

as the objective facts provide a basis for finding probable cause;[12] and (2) that an

appellate court is required to defer to a trial court's implicit factfindings, when

supported by the record, in a light most favorable to the court's ruling.[13]  State's

Motion for Rehearing, at 6-8.

---

[11]  This Court remanded *Leal v. State*, PD-1638-14 (Tex. Crim. App. 2015) (not designated for publication), in March for the court of appeals to determine whether Appellant's motion for new trial, which was considered at a live hearing, preserved a challenge to the legality of a warrantless blood draw.   And in September of 2014, the Court granted review in *Douds v. State*, PD-0857-14 (submitted March 18, 2015), to consider, in part, whether Appellant's challenge to a warrantless blood draw was preserved when he filed a boilerplate motion to suppress.

[12]  *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) ("The subjective intent or motivations of law enforcement officials is not taken into account when considering the totality of the circumstances."); *see also State v. Elias*, 339 S.W.3d 667, 675 (Tex. Crim. App. 2011) (the appropriate question is "whether the objective facts would have justified an officer in [the officer's] shoes in detaining the appellee . . . .").

[13]  *Elias*, 339 S.W.3d at 673-74.

12

The court of appeals rejected the State's characterization of its analysis. It explained that it had recognized (on original submission) that the record developed at the hearing was very limited as to Johnson's basis for arresting Appellant. *Clement*, 2015 Tex. App. LEXIS 4801, at *12. As a result, it faced the "dilemma [of] conducting an analysis of the totality of the circumstances facing the arresting officer on a very limited record rather than basing [its] analysis on Trooper Johnson's subjective beliefs." *Id*.

The court of appeals appears to have missed the distinct nuances between the objective versus subjective standards. By saying it would be required to "speculate" as to other factors (besides alcohol on breath) that Johnson relied upon, the court of appeals necessarily applied an improper subjective standard. *See* 2015 Tex. App. LEXIS 2671, at *15-16. "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."[14] Otherwise, "An arrest made by a knowledgeable, veteran officer would be valid, whereas an arrest made by a rookie in precisely the same circumstances would not."[15] Here, Johnson testified to all the dispositive facts the court erroneously declined to "speculate" about:

---

[14] *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

[15] *Id*.

- An anonymous citizen-informant called authorities and reported that Appellant was drunk and would soon be getting on the road in a white Pontiac, and Trooper Johnson immediately corroborated some of the information when he found Appellant at the reported location in a white Pontiac.[16] 2 RR 12-14, 16-18.

- The events occurred on a Saturday at 12:30 a.m.[17] 2 RR 12-13.

- Appellant was speeding, and it can rationally be inferred that his impaired mental faculties led him to disregard the speed limit with a police officer behind him.[18] 2 RR 14, 18.

- Appellant almost hit the guard-rail when he pulled onto the road's shoulder.[19] 2 RR 23-24.

---

[16] *See Navarette v. California*, 134 S. Ct. 1683, 1689-90 (2014) (a citizen-informant's report may have sufficient indicia of reliability depending on details indicating eyewitness knowledge, whether the location of the subject was confirmed, the time-line shows that the report was contemporaneous with the reported behavior, and the report was made on a 911 system that a reasonable officer could assume would deter false reporting).

[17] *See Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (time of day considered as a factor in determining reasonable suspicion of DWI).

[18] *See Amador v. State*, 275 S.W.3d 872, 879 (Tex. Crim. App. 2009) (citing speeding as a factor supporting probable cause of DWI).

[19] *See id.* (citing fumbling and slowness of movement as factors supporting probable cause of DWI and concluding that the inference that impairment was the root cause was reasonable); *Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007) (citing weaving in and out of a lane as a factor supporting reasonable suspicion of DWI).

Johnson agreed with Appellant's attorney's statement that Appellant exhibited "pretty keen driving" by avoiding hitting the guardrail because there was barely enough room for a car between the white line and guardrail. 2 RR 23-24. While the trial court could have found "keen driving," it reasonably inferred intoxication.

14

- Appellant told Trooper Johnson he had been drinking.  2 RR 28.

- Appellant's breath smelled of alcohol.  2 RR 26.

- Appellant refused to take part in any field sobriety tests.[20]  2 RR 26.

The combined force of the circumstances above and reasonable inferences therefrom support the trial court's denial of Appellant's motion to suppress. The court of appeals' approach to the objective standard in this case conflicts with the principles underlying that standard and has the resulting effect of usurping trial court's role as factfinder.  This Court should grant review because the court of appeals' analysis is a gross deviation from settled Fourth Amendment appellate standards of review.

---

[20] *See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008) (citing refusal to perform field sobriety tests as a factor supporting probable cause of DWI); *cf. Ouellette v. State,* 353 S.W.3d 868, 870 (Tex. Crim. App. 2011) (refusal to take blood test deemed a piece of circumstantial evidence of intoxication for evidentiary sufficiency purposes).

**PRAYER**

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant

this Petition for Discretionary Review and reverse the decision of the court of appeals.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632


P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 3,198 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

17

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Petition for Discretionary

Review has been served on June 3, 2015, via certified electronic service provider to:

Hon. Lindy Borchardt
Wise County Courthouse
101 North Trinity Street
Suite 200
Decatur, Texas 76234
lindy@co.wise.tx.us

Hon. Jim Shaw
916 West Belknap
Fort Worth, Texas 76102
jimshaw@jimshawlaw.com


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

18

# APPENDIX A



**DAVID LEE CLEMENT, JR., Appellant v. THE STATE OF TEXAS, Appellee**

**No. 11-13-00055-CR**

**COURT OF APPEALS OF TEXAS, ELEVENTH DISTRICT, EASTLAND**

*2015 Tex. App. LEXIS 2671*

**March 20, 2015, Decided**
**March 20, 2015, Opinion Filed**

**NOTICE:** PUBLISH. SEE *TEX. R. APP. P. 47.2(b)*.

**PRIOR HISTORY:** [*1] On Appeal from the 271st District Court, Wise County, Texas. Trial Court Cause No. CR16160.

**COUNSEL:** For Appellant: Jim Shaw, Ray Napolitan, Law Office of Jim Shaw, Fort Worth, TX.

For Appellee: Gregory Lowery, District Attorney, Lindy Borchardt, Assistant, Decatur, TX; Lisa C. McMinn, Stacey Goldstein, Assistant State Prosecuting Attorney, Austin, TX.

**JUDGES:** Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

**OPINION BY:** JOHN M. BAILEY

**OPINION**

After a bench trial, the trial court convicted David Lee Clement, Jr. of felony driving while intoxicated (DWI). *See TEX. PENAL CODE ANN. § 49.09(b)* (West Supp. 2014). The trial court assessed his punishment at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice. Appellant asserts three issues on appeal. In his first issue, Appellant argues that the trial court erred when it denied his motion to suppress because the investigating officer lacked probable cause to arrest him for DWI. Appellant alleges in his second issue that the trial court erred when it denied his motion to quash the indictment because the indictment "alleged a void judgment" as one of Appellant's prior DWI convictions. In his third issue, Appellant asserts that the evidence was insufficient to prove that Appellant had been convicted of two prior DWI offenses. We uphold the trial court's denial of Appellant's motion to quash the indictment. However, we reverse the trial court's judgment and remand the case

because we [*2] conclude that the trial court should have granted Appellant's motion to suppress.[1]

> 1 The reporter's record indicates that a DVD of Appellant's arrest was admitted during the punishment phase of trial. The reporter's record further indicates that the actual DVD was "[m]ailed under separate cover" because the file was too large to transmit electronically. However, we have no record of the DVD being mailed to our court, and our efforts to obtain another copy have been unsuccessful. This omission does not preclude our consideration of the appeal because a review of the DVD is unnecessary to resolve the issues presented to the court.

*Background Facts*

Appellant was charged with DWI, which was alleged to have occurred on or about January 30, 2011. The indictment alleged two previous DWI convictions, one in 2010 from Wise County and one in 1993 from Tarrant County, to enhance the 2011 offense to felony DWI under *Section 49.09(b)(2) of the Texas Penal Code*. PENAL § 49.09(b)(2).

Appellant filed a pretrial motion to suppress the evidence arising from his arrest.[2] He also filed a motion to quash the indictment, alleging that one of the prior DWI convictions alleged in the indictment was void. The trial court heard the motion to suppress and the motion to quash on [*3] September 25, 2012. The trial court denied both motions in open court at the end of the hearings on each motion. The trial court and the parties then immediately proceeded to trial. The trial began with Appellant's trial counsel announcing the following stipulation on the record:

> We agreed that we would stipulate that he was driving and operating a motor vehicle on a public road or highway in Wise County on that particular date. We'll

stipulate to the intoxication and his driving.

And I believe that after that stipulation, the State's only burden is to prove that he has two prior convictions, your Honor.

2 Although it is not an issue in this appeal, Appellant was subjected to a mandatory blood draw after his arrest for felony DWI. The Court of Criminal Appeals recently held that "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the *Fourth Amendment*." *State v. Villarreal, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at \*21 (Tex. Crim. App. Nov. 26, 2014), reh'g granted, 2015 Tex. Crim. App. LEXIS 201 (Feb. 25, 2015)*; *see Burks v. State, No. 02-13-00560-CR, 2015 Tex. App. LEXIS 99, 2015 WL 115964, at \*1 (Tex. App.--Fort Worth Jan. 8, 2015*, pet. filed); *Forsyth v. State, 438 S.W.3d 216, 223 (Tex. App.--Eastland 2014, pet. ref'd)*.

Appellant personally **[\*4]** testified that he agreed to the stipulation, and the prosecutor announced that the State agreed with the terms of the stipulation, whereupon the trial court accepted it. The trial court ultimately found Appellant guilty of felony DWI based upon its determination that the State had sufficiently proven Appellant's two prior DWI convictions.

*Sufficiency of the Evidence*

In his third issue, Appellant challenges the sufficiency of the evidence to prove that he had previously been convicted of two prior offenses of driving while intoxicated.[3] A person may be charged with felony DWI if he has two previous convictions for DWI. *PENAL § 49.09(b)(2)*. The two prior DWI convictions are elements of the offense of felony DWI. *Martin v. State, 200 S.W.3d 635, 640--41 (Tex. Crim. App. 2006)*. The two prior convictions are jurisdictional, as opposed to mere enhancement allegations. *Id. at 640*. The State must prove the two prior DWI convictions at the guilt/innocence stage of trial in order to obtain a felony DWI conviction. *See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999)*.

3 We are initially addressing Appellant's third issue because it could potentially result in his acquittal.

Evidence that a defendant has been convicted of a prior offense must establish beyond a reasonable doubt (1) that the prior conviction exists and (2) that the defendant **[\*5]** is linked to that conviction. *Flowers v. State, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007)*. The State may prove a prior conviction in a number of different ways. *Id. at 921--23*. The State is not required to produce a specific document or specific proof because "[t]here is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id. at 921*. The proof that is adduced to establish that the defendant on trial is the same person named in the prior conviction "closely resembles a jigsaw puzzle." *Id. at 923* (quoting *Human v. State, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988)*). Standing alone, the pieces usually have little meaning, but when fitted together, the pieces usually form the picture of the person who committed the alleged prior conviction or convictions. *Id*. The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. *Id*. Whatever form the State's proof takes, however, it must be sufficient to prove the defendant's prior conviction beyond a reasonable doubt. *Id. at 923*.

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State, 323 S.W.3d 893, 895--96 (Tex. Crim. App. 2010)* (citing *Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*). Under that standard, a reviewing court must consider **[\*6]** all evidence in the light most favorable to the verdict and, in doing so, determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Id*. The trier of fact is the sole judge of the weight and credibility of witness testimony; therefore, on appeal, we must give deference to the factfinder's determinations. *Id*. If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Id*.

Appellant limits his evidentiary challenge under his third issue to the contention that the State failed to affirmatively link him to the Tarrant County conviction. Specifically, Appellant alleges that the officer that testified as a fingerprint expert was not able to read the fingerprint on the judgment from the Tarrant County conviction and, thus, could not tell if Appellant was indeed the individual convicted in the Tarrant County conviction. We conclude that the State offered additional evidence that sufficiently linked Appellant to the Tarrant County conviction.

State's Exhibit No. 2 contained a certified Order Revoking Probation for Appellant's conviction in Tarrant **[\*7]** County for DWI. State's Exhibit No. 3 consisted of the Texas Department of Public Safety's Certified Abstract Record for Appellant. State's Exhibit No. 3 contained Appellant's name, date of birth, address, driver's license number, dates of arrest, charged offenses, findings of guilt, and the judicial case identification

number for the Tarrant County conviction. This information matches the information in the revocation of probation order arising from the Tarrant County conviction, with one exception--the Certified Abstract Record lists the "conviction date" for the Tarrant County conviction as being December 12, 1994. This was actually the date that Appellant's probation was revoked for the Tarrant County conviction.

The charging instrument for the subsequent Wise County conviction alleged the details of the Tarrant County conviction. Additionally, the judgment from the Wise County conviction that Appellant offered into evidence during the hearing on the motion to quash specifically states that this was a conviction for a Class A misdemeanor DWI under *Section 49.09(a)*. *See* PENAL § *49.09(a)*. A conviction of a Class A misdemeanor DWI requires a finding of a prior conviction of DWI. *Id.* Thus, Appellant pleaded guilty **[*8]** to a Class A misdemeanor in the subsequent Wise County conviction that specifically alleged the existence of his prior Tarrant County conviction.

Viewing the evidence in the light most favorable to the verdict, we conclude that the trial court could have found beyond a reasonable doubt that Appellant had been convicted of the two prior DWIs alleged in the indictment. We overrule Appellant's third issue.

*Motion to Quash Indictment*

In his second issue, Appellant challenges the trial court's denial of his pretrial motion to quash the indictment.[4] Appellant argues that the indictment should have been quashed because the 2010 conviction that was alleged in the indictment is purportedly void and therefore could not be used to elevate his 2011 offense to a felony DWI. He bases this contention on the argument that the punishment he received for his Wise County conviction was below the minimum punishment range for a Class A misdemeanor DWI. In this regard, Appellant received a punishment of three days in jail, with the sentence being suspended and Appellant placed on community supervision for one day. The minimum range of jail time for a Class A misdemeanor DWI is thirty days. PENAL § *49.09(a)*.

> 4    We are addressing **[*9]** Appellant's second issue next because it is jurisdictional in nature.

We review de novo a trial court's ruling on a motion to quash an indictment because the sufficiency of a charging instrument is a question of law. *Smith v. State, 309 S.W.3d 10, 13--14 (Tex. Crim. App. 2010)*; *State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)*. Appellant's challenge to the Wise County conviction fails as a matter of law under the holding in *Rhodes v. State, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007)*. *Rhodes* is applicable because the Wise County conviction was the result of a plea agreement. The Court of Criminal Appeals held in *Rhodes* that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *240 S.W.3d at 892*. Accordingly, Appellant is prohibited from collaterally attacking the Wise County conviction on the basis of it being too lenient. *Id.* Appellant's second issue is overruled.

*Motion to Suppress*

In his first issue, Appellant challenges the trial court's denial of his motion to suppress. Appellant alleged as follows in his motion:

> For cause, Defendant would show that the stop of Defendant was without a warrant or probable cause. There was no probable cause based upon acceptable scientific protocol. Further, the so-called-tipster **[*10]** was not shown to be credible. The officer did nothing to corroborate the tip from the unknown informant.

The suppression hearing began with the prosecutor acknowledging that the State had the burden of establishing a valid basis for the arresting officer's conduct because Appellant was "stopped without warrant." The prosecutor then called Trooper Jeff Johnson of the Texas Department of Public Safety as a witness.

Trooper Johnson testified on direct examination that he was dispatched at 12:30 a.m. on January 30, 2011, to a "possible intoxicated driver leaving the store." He arrived at the Exxon at the intersection of Highway 101 and Highway 380. While he was making a turn onto Highway 101, Trooper Johnson saw a white Pontiac in the Exxon parking lot. This vehicle matched the description given to Trooper Johnson over the radio. Trooper Johnson then saw "the Pontiac's brake lights come on," and the car "started backing up." The Pontiac pulled onto Highway 101 driving northbound.

Trooper Johnson pulled behind the vehicle and noticed that the vehicle "accelerated quickly." Trooper Johnson testified that he checked the speed of the vehicle on the radar in his patrol car and that "it was 62 **[*11]** in a 55." The posted speed limit on that road was fifty-five miles per hour. The prosecutor concluded his direct examination of Trooper Johnson as soon as he elicited testimony from Trooper Johnson that he stopped Appellant because of the speeding violation that he observed. In this regard, it appears that the State treated Appellant's motion to suppress as solely an attack on the arresting officer's basis for initiating the stop of Appellant.

On cross-examination, Appellant's trial counsel asked Trooper Johnson about an anonymous tip that Trooper Johnson had overheard on the radio. Trooper

Johnson testified that he stopped Appellant because of his speed and not because of the anonymous tip about an intoxicated person. Trooper Johnson further testified on cross-examination that Appellant "eventually stopped" after the lights on Trooper Johnson's patrol vehicle had been "on for a while." Appellant's counsel obtained a copy of Trooper Johnson's report during cross-examination. Based upon the questions asked during cross-examination, it appears that Trooper Johnson noted in the report that Appellant "almost struck the guardrail" when pulling over. However, Trooper Johnson did not observe **[*12]** Appellant weaving in his lane. Appellant's counsel further elicited testimony from Trooper Johnson during cross-examination that Appellant refused to perform any field sobriety tests and that Appellant told Trooper Johnson what he had to drink. Near the end of counsel's brief cross-examination, he asked Trooper Johnson: "So, you arrested him, based upon the odor of alcohol on his breath?" Trooper Johnson replied in the affirmative.

At the conclusion of the evidence presented during the suppression hearing, the trial court received closing arguments from the attorneys. The prosecutor argued that Trooper Johnson had "probable cause to stop" Appellant because of his observation of Appellant's speeding violation. Appellant's trial counsel responded by arguing as follows:

> And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything. No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.
>
> It's our position that anything after the stop should be suppressed, because there's no probable cause for his arrest.

On appeal, Appellant does not challenge Trooper Johnson's basis for initiating the traffic stop. Instead, Appellant directs his challenge **[*13]** on the contention that Trooper Johnson did not have probable cause to arrest him for DWI.[5]

> 5   The State does not assert, nor do we find, that Appellant failed to preserve his challenge to the probable cause supporting his warrantless arrest by Trooper Johnson.

A defendant seeking to suppress evidence on the basis of an alleged Fourth Amendment violation bears the initial burden of rebutting the presumption of proper police conduct. *Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009)*. A defendant meets this burden by demonstrating that the challenged search or seizure occurred without a warrant. *Id*. The burden then shifts to the State to prove that the search or seizure was reasonable under the totality of the circumstances. *Amador v. State, 221 S.W.3d 666, 672--73 (Tex. Crim.*

*App. 2007) (Amador I)*. This burden may be satisfied by a showing that one of the statutory exceptions to the warrant requirement is met. *See Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005)*.

In this case, it is undisputed that no warrant was issued for Appellant's arrest. As a result, the State bore the burden of establishing the reasonableness of Appellant's detention and arrest. *See Young, 283 S.W.3d at 872*; *Amador I, 221 S.W.3d at 672--73*. Under the *Fourth Amendment*, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause. *Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (Amador II)*. "'Probable cause' for a warrantless arrest exists if, **[*14]** at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Id*. The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Id*. A finding of probable cause requires more than bare suspicion but less than would justify conviction. *Id*. Whether a specific search or seizure is reasonable or supported by probable cause is a question of law subject to de novo review. *Dixon v. State, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006)*.

In the absence of express findings of fact and conclusions of law, the trial court's denial of Appellant's motion to suppress constitutes an implicit conclusion by the trial court that the State carried its burden of proving that, under the totality of the circumstances, Trooper Johnson's warrantless arrest of Appellant was supported by probable cause for an offense committed in his presence. *Amador II, 275 S.W.3d at 879*. Our task is to determine whether the trial court, in so concluding, **[*15]** abused its discretion. *Id*. Because of the very limited inquiry at the hearing on the motion to suppress regarding Trooper Johnson's basis for arresting Appellant, we conclude that the trial court erred in denying the motion to suppress.

Appellant alleges that Trooper Johnson arrested him for DWI "based solely upon the odor of alcohol on Appellant's breath." Appellant additionally contends as follows in his brief:

> Trooper Johnson did not observe anything abnormal about Appellant's eyes or speech; nor did he notice if Appellant swayed when he walked, or any other signs that might indicate that Appellant was intoxicated.

We disagree with Appellant's limited view of Trooper Johnson's testimony. Trooper Johnson simply was not

asked about any physical observations that he made of Appellant's eyes, speech, or movement; nor was he asked what effect, if any, these observations may have had on his decision to arrest Appellant. Trooper Johnson's affirmative response to the question from Appellant's trial counsel about the odor of alcohol indicates that it was a *factor* he relied upon in making the decision to arrest Appellant.[6] However, the record is silent as to what other factors Trooper Johnson **[*16]** *may* have relied upon in making the decision to arrest. Whether probable cause exists to justify a warrantless arrest must be considered under the totality of the circumstances surrounding the arrest. *Amador II, 275 S.W.3d at 878.* Based on the very limited record developed at the hearing on the motion to suppress regarding Trooper Johnson's basis for arresting Appellant, we conclude that the trial court erred in determining that the State met its burden of proof to show probable cause for Appellant's arrest. To hold otherwise would require us to speculate on what other factors, if any, Trooper Johnson may have relied upon in arresting Appellant, including Appellant's refusal to perform field sobriety tests,[7] Appellant's response to the question regarding what he had been drinking, Appellant's speeding violation, and Appellant's act of almost striking a guardrail.

> 6  Appellant cites *Domingo v. State, 82 S.W.3d 617, 621--22 (Tex. App.--Amarillo 2002, no pet.)*, for the proposition that the odor of alcohol alone is not sufficient to establish probable cause to make an arrest for intoxication.
>
> 7  *See Maxwell v. State, 253 S.W.3d 309, 314 (Tex. App.--Fort Worth 2008, pet. ref'd)* (noting suspect's refusal to perform field sobriety tests as a factor supporting probable cause to make DWI arrest).

The State responds to Appellant's challenge to the probable cause for the arrest by **[*17]** asserting that the trial court did not err in overruling Appellant's motion to suppress because "the record is absent of any evidence obtained by the State after Appellant's arrest that would be subject to suppression." Based on this assertion, the State contends that any error by the trial court in denying the motion to suppress is harmless. We disagree with the State's analysis. After the trial court erroneously denied the motion to suppress, Appellant stipulated to the allegation that he was driving while intoxicated. In many respects, Appellant's stipulation is akin to a plea of guilty. The Court of Criminal Appeals has stated that appellate courts are not to speculate as to an appellant's reasons for entering a "guilty" plea or as to whether the appellant would have done so if the motion to suppress had been granted. *See Holmes v. State, 323 S.W.3d 163, 172--73 (Tex. Crim. App. 2009)*; *McKenna v. State, 780 S.W.2d 797, 799--800 (Tex. Crim. App. 1989)*; *Kraft v. State, 762 S.W.2d 612, 613--15 (Tex. Crim. App. 1988)*; *Paulea v. State, 278 S.W.3d 861, 867 (Tex. App.--Houston [14th Dist.] 2009, pet. ref'd)*. As long as the evidence that should have been suppressed would in any measure inculpate the accused, this court must presume that the trial court's denial of Appellant's motion to suppress influenced Appellant's decision to plead "guilty" and is reversible error. *See McKenna, 780 S.W.2d at 799--800*; *Kraft, 762 S.W.2d at 613--15*; *Paulea, 278 S.W.3d at 867*. The record in this appeal indicates that Appellant was subjected to **[*18]** a mandatory blood draw after his arrest. While the record is silent regarding the results of the blood draw, we assume that the results were inculpatory based upon Appellant's stipulation to being intoxicated--a stipulation that occurred after the motion to suppress was denied. Accordingly, we presume that the trial court's erroneous denial of Appellant's motion to suppress influenced his decision to enter the stipulation. Therefore, the error is reversible. We sustain Appellant's first issue.

*Conclusion*

We conclude that Appellant's conviction was supported by sufficient evidence. Additionally, we uphold the trial court's denial of Appellant's pretrial motion to quash the indictment. However, we sustain Appellant's first issue challenging the trial court's denial of his pretrial motion to suppress.

*This Court's Ruling*

We reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

JOHN M. BAILEY

JUSTICE

March 20, 2015

Publish. *See Tex. R. App. P. 47.2(b).*

# APPENDIX B



**DAVID LEE CLEMENT, JR., Appellant v. THE STATE OF TEXAS, Appellee**

**No. 11-13-00055-CR**

**COURT OF APPEALS OF TEXAS, ELEVENTH DISTRICT, EASTLAND**

*2015 Tex. App. LEXIS 4801*

**May 7, 2015, Opinion Filed**

**NOTICE:** PUBLISH. SEE *TEX. R. APP. P. 47.2(B)*.

**PRIOR HISTORY:** **[*1]** On Appeal from the 271st District Court, Wise County, Texas. Trial Court Cause No. CR16160.
*Clement v. State, 2015 Tex. App. LEXIS 2671 (Tex. App. Eastland, Mar. 20, 2015)*

**JUDGES:** Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

**OPINION BY:** JOHN M. BAILEY

**OPINION**

**OPINION ON STATE'S MOTION FOR REHEARING**

The State has filed a motion for rehearing wherein it alleges that Appellant did not properly preserve, for appellate review, his complaint that his arrest was illegal. The State bases its preservation contention on two grounds: (1) that Appellant failed to put the State and the trial court on notice that he was contesting the legality of his arrest and (2) that Appellant's presentation of the contention during the closing argument was untimely under *TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2* (West 2006).

Preservation of error is a systemic requirement on appeal. *Ford v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)*. If an issue has not been preserved for appeal, an intermediate court of appeals should not address the merits of that issue. *Id.* Even though the State did not assert a preservation contention in its initial briefing, we previously reviewed the question of preservation of error on our own initiative and tacitly addressed it in our original opinion by listing the instances wherein Appellant's counsel addressed the probable cause supporting **[*2]** Appellant's arrest. *See id. at 532-33* ("Ordinarily, a court of appeals should review preservation of error on its own motion."); *Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997)* ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.").

There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the *Fourth Amendment*; (2) investigative detentions that are *Fourth Amendment* seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity; and (3) arrests, the most intrusive of *Fourth Amendment* seizures, that are reasonable only if supported by probable cause. *Wade v. State, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013)*; *State v. Woodard, 341 S.W.3d 404, 410-11 (Tex. Crim. App. 2011)*. The facts in this appeal essentially present three "seizures" for the purpose of analysis under the *Fourth Amendment*: (1) Trooper Johnson's initial traffic stop of Appellant; (2) Trooper Johnson's continued detention of Appellant for the purpose of investigating a possible offense of driving while intoxicated; and (3) Trooper Johnson's arrest of Appellant for driving while intoxicated.

In the context of the three types of police-citizen interactions described above, Trooper Johnson's initial stop and then his continued detention of Appellant for investigative purposes was an "investigative **[*3]** detention" that must have been supported by reasonable suspicion.[1] *See Davis v. State, 947 S.W.2d 240, 244-45 (Tex. Crim. App. 1997)* (If an officer develops reasonable

suspicion during a valid traffic stop that the detainee is engaged in criminal activity, continued detention is justified.). Trooper Johnson's subsequent arrest of Appellant constituted another level of seizure that must have been supported by the heightened standard of probable cause in order to satisfy the *Fourth Amendment. See Derichsweiler v. State, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011)* (citing *Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990))* ("A brief investigative detention constitutes a significantly lesser intrusion upon the privacy and integrity of the person than a full-blown custodial arrest. For this reason, a warrantless investigative detention may be deemed 'reasonable' for *Fourth Amendment* purposes on the basis of a lesser quantum or quality of information--reasonable suspicion rather than probable cause.").

1    One might contend that Trooper Johnson's initial stop of Appellant, followed by his continued detention of Appellant for investigative purposes, constituted a single seizure because they are portions of the same investigative detention. We are treating them as separate seizures for the purposes of our analysis because Appellant challenged Trooper Johnson's basis for initiating the traffic stop but Appellant **[*4]** did not challenge Trooper Johnson's basis for continuing the investigative stop prior to his arresting Appellant.

As noted in our original opinion, the State treated Appellant's written motion to suppress as solely an attack on the arresting officer's basis for initiating the traffic stop. In this regard, Appellant's motion to suppress addressed the credibility of the anonymous tip and its corroboration by the investigating officer. The prosecutor easily overcame this contention by establishing that Trooper Johnson stopped Appellant for a speeding violation rather than upon reliance on the anonymous tip. However, Appellant also alleged a lack of probable cause, the standard that is associated with the required basis for supporting an arrest. Furthermore, the inquiry at the hearing on the motion to suppress into Trooper Johnson's actions did not end with his initial basis for stopping Appellant. Specifically, Appellant's counsel inquired on cross-examination about what transpired after the stop. As we stated in the original opinion:

Appellant's counsel further elicited testimony from Trooper Johnson during cross-examination that Appellant refused to perform any field sobriety tests and **[*5]** that Appellant told Trooper Johnson what he had to drink. Near the end of counsel's brief cross-examination, he asked Trooper Johnson: "So, you arrested him, based upon the odor of alcohol on his breath?" Trooper Johnson replied in the affirmative.

During closing arguments on the motion to suppress, Appellant's counsel argued as follows:

And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything. No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.

It's our position that anything after the stop should be suppressed, because there's no probable cause for his arrest.

The arrest led to an interview. The interview led to a mandatory blood draw, based upon the belief that it was his third DWI.

We concluded that Appellant preserved his complaint regarding the probable cause supporting his arrest based in part on counsel's closing argument to the trial court that "there's no probable cause for [Appellant's] arrest."

The clearest assertion by Appellant that Trooper Johnson lacked probable cause to arrest him occurred during the closing statement when defense counsel said: "[T]here's no *probable cause for his arrest*" (emphasis added). The State contends **[*6]** that this statement did not constitute a challenge to the legality of Appellant's arrest because it followed counsel's request to suppress "anything after the *stop*." The State argues that the alleged violation was incongruous with the requested relief because the illegality of the subsequent arrest would not preclude the admissibility of evidence seized prior to the illegal arrest. The State is essentially asserting that, when defense counsel made this argument, Appellant was challenging Trooper Johnson's initial basis for stopping Appellant. We disagree with the State's very narrow reading of defense counsel's argument.

Trooper Johnson's arrest of Appellant constituted a seizure under the *Fourth Amendment* that required a showing under the heightened standard of probable cause. Defense counsel's argument invoked the probable cause standard in challenging Appellant's arrest. We disagree that defense counsel's overstatement of the relief to which he may have been entitled nullified Appellant's challenge to the legality of his arrest. Defense counsel's argument suggests that evidentiary items were obtained as a result of Appellant's arrest, including lab results from a mandatory blood draw. Accordingly, **[*7]** the reference to suppressing evidentiary items recovered after the stop would apply to those seized after the arrest.

Defense counsel's argument was not the only reference to Appellant's contention of an illegal arrest. As noted previously, Trooper Johnson was specifically asked, "So, you arrested him, based upon the odor of alcohol on his breath?" Additionally, in Appellant's written motion to suppress, he referenced probable cause, the standard associated with arrests under the *Fourth*

*Amendment.*[2]

> 2   The Texas Court of Criminal Appeals has stated that "[o]ne might reasonably question whether a statement during closing argument fairly puts the opposing party and the trial judge on notice that a party is litigating the existence of probable cause." *Amador v. State, 221 S.W.3d 666, 671 n.9 (Tex. Crim. App. 2007)* ("*Amador I*"). However, the court did not address the preservation issue in *Amador I* because the State did not petition for review on the issue. *Id.* The court noted in *Amador I* that the Beaumont Court of Appeals decided the preservation issue adversely to the *State, 221 S.W.3d at 671 n.9*; *see Amador v. State, 187 S.W.3d 543, 548 (Tex. App.--Beaumont 2006), rev'd, 221 S.W.3d 666 (Tex. Crim. App. 2007)*. The court's concern expressed in *Amador I* is inapplicable to the facts in this case because of the other instances wherein Appellant challenged his arrest.

A "point of error on appeal must comport **[*8]** with the objection made at trial." *Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)*. As stated in *Resendez v. State, 306 S.W.3d 308 (Tex. Crim. App. 2009)*:

> *Rule 33.1(a) of the Texas Rules of Appellate Procedure* provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Resendez, 306 S.W.3d at 312* (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Id.* As explained in *Resendez*:

> Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id. at 312-13* (quoting *Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim App. 1992)*).

We concluded that Appellant preserved his complaint of an illegal arrest occurring without **[*9]** probable cause because he apprised the trial court of his complaint at a time when the trial court was in a position to grant his requested relief. Additionally, Appellant cited the *Fourth Amendment* as a basis for his motion to suppress, thereby alerting the State and the trial court of the legal basis of his challenge: the *Fourth Amendment. Buchanan v. State, 207 S.W.3d 772, 773, 776 (Tex. Crim. App. 2006)*, relied upon by the State, is inapposite. There, the court essentially held that a motion to suppress based upon federal and state constitutional principles, not upon statutory grounds, was not sufficient, in the context of the motion, to also preserve error under *Chapter 14 of the Code of Criminal Procedure. Buchanan, 207 S.W.3d at 773, 776*. Here, the motion and the trial court's ruling were based upon clearly stated *Fourth Amendment* grounds.

With respect to the State's timeliness assertion under *Article 28.01, section 2*, the State has not cited any authority that this timing requirement for pretrial motions trumps the timeliness requirement for preservation of error under *Rule 33.1*. Additionally, the State did not present this argument to the trial court for consideration, thereby depriving Appellant of the opportunity to respond to it. Accordingly, it is not a "theory of law applicable to the case" that is available to justify the trial court's erroneous **[*10]** ruling on Appellant's motion to suppress. *See State v. Esparza, 413 S.W.3d 81, 89-90 (Tex. Crim. App. 2013)*.

As we noted in our original opinion, a defendant seeking to suppress evidence on the basis of an alleged violation of the *Fourth Amendment* bears the initial burden of rebutting the presumption of proper police conduct. *Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009)*; *Amador I, 221 S.W.3d at 672*. A defendant meets this burden by demonstrating that the challenged search or seizure occurred without a warrant. *Young, 283 S.W.3d at 872*; *Amador I, 221 S.W.3d at 672*. The burden then shifts to the State to prove that the search or seizure was reasonable under the totality of the circumstances. *Young, 283 S. W.3d at 872*; *Amador I, 221 S. W.3d at 672-73*. The Texas Court of Criminal Appeals has described the State's burden in this situation as follows:

> When a defendant asserts a search and seizure violation under the *Fourth Amendment*, the defendant bears the burden of producing evidence to rebut the presumption of proper conduct by law enforcement. A defendant can satisfy this burden with evidence that the seizure occurred without a warrant. If the defendant satisfies the initial burden, the burden then shifts to the State to establish that the seizure was nevertheless reasonable under the applicable standard--

either reasonable suspicion *or probable cause*.

*Woodard, 341 S.W.3d at 412* (emphasis added) (footnotes omitted) (citing *Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (Amador II)*).

As we stated in our original opinion, "[I]t is **[*11]** undisputed that no warrant was issued for Appellant's arrest. As a result, the State bore the burden of establishing the reasonableness of Appellant's detention and arrest."³ Although the State met its burden to establish the reasonableness of the initial stop, the State did not develop the record to support the continued investigatory detention of Appellant after the initial stop or the subsequent arrest of Appellant. Even though a portion of the facts pertaining to Appellant's continued detention and subsequent arrest were developed during Trooper Johnson's cross-examination, the evidence did not address "the totality of the circumstances facing the arresting officer." We reviewed the portion of the supporting facts adduced at trial and concluded that they did not constitute probable cause under an objective standard.

> 3    The hearing on the motion to suppress began with the prosecutor stating, "The State will stipulate that he was stopped without warrant. . . . And, therefore, the burden shifts to the State for probable cause of action."

The State additionally contends in its motion for rehearing that we used the wrong standard for determining probable cause wherein we stated:

> To hold otherwise **[*12]** would require us to speculate on what other factors, if any, Trooper Johnson may have relied upon in arresting Appellant, including Appellant's refusal to perform field sobriety tests, [footnote omitted]

Appellant's response to the question regarding what he had been drinking, Appellant's speeding violation, and Appellant's act of almost striking a guardrail.

The State contends that this statement indicates that we relied upon a subjective test rather than an objective test for determining probable cause. We disagree. The above-quoted statement followed a sentence wherein we commented "on the very limited record developed at the hearing on the motion to suppress regarding Trooper Johnson's basis for arresting Appellant." Simply put, we were expressing our dilemma in conducting an analysis of the totality of the circumstances facing the arresting officer on a very limited record rather than basing our analysis on Trooper Johnson's subjective beliefs.

Finally, we note that a pretrial motion to suppress evidence is "nothing more than a specialized objection to the admissibility of that evidence" that is interlocutory in nature. *Black v. State, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012)*. As such, a pretrial motion to suppress evidence may be the **[*13]** subject of reconsideration and revision as is any other ruling on the admissibility of evidence. *Id.* Accordingly, the State will not be precluded from seeking a reconsideration of the suppression on a more fully developed record upon the remand of this case to the trial court.

The State's motion for rehearing is denied.

/s/ John M. Bailey

JOHN M. BAILEY

JUSTICE

May 7, 2015

Publish. *See Tex. R. App. P. 47.2(b)*.