**Opinion filed March 20, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00055-CR
_____

## DAVID LEE CLEMENT, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 271st District Court**

**Wise County, Texas**

**Trial Court Cause No. CR16160**

## O P I N I O N

After a bench trial, the trial court convicted David Lee Clement, Jr. of felony driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2014). The trial court assessed his punishment at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice. Appellant asserts three issues on appeal. In his first issue, Appellant argues that the trial court erred when it denied his motion to suppress because the investigating officer lacked probable cause to arrest him for DWI. Appellant alleges in his

second issue that the trial court erred when it denied his motion to quash the indictment because the indictment "alleged a void judgment" as one of Appellant's prior DWI convictions. In his third issue, Appellant asserts that the evidence was insufficient to prove that Appellant had been convicted of two prior DWI offenses. We uphold the trial court's denial of Appellant's motion to quash the indictment. However, we reverse the trial court's judgment and remand the case because we conclude that the trial court should have granted Appellant's motion to suppress.[1]

*Background Facts*

Appellant was charged with DWI, which was alleged to have occurred on or about January 30, 2011. The indictment alleged two previous DWI convictions, one in 2010 from Wise County and one in 1993 from Tarrant County, to enhance the 2011 offense to felony DWI under Section 49.09(b)(2) of the Texas Penal Code. PENAL § 49.09(b)(2).

Appellant filed a pretrial motion to suppress the evidence arising from his arrest.[2] He also filed a motion to quash the indictment, alleging that one of the prior DWI convictions alleged in the indictment was void. The trial court heard the motion to suppress and the motion to quash on September 25, 2012. The trial court denied both motions in open court at the end of the hearings on each motion.

---

[1]The reporter's record indicates that a DVD of Appellant's arrest was admitted during the punishment phase of trial. The reporter's record further indicates that the actual DVD was "[m]ailed under separate cover" because the file was too large to transmit electronically. However, we have no record of the DVD being mailed to our court, and our efforts to obtain another copy have been unsuccessful. This omission does not preclude our consideration of the appeal because a review of the DVD is unnecessary to resolve the issues presented to the court.

[2]Although it is not an issue in this appeal, Appellant was subjected to a mandatory blood draw after his arrest for felony DWI. The Court of Criminal Appeals recently held that "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *21 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted*, (Feb. 25, 2015); *see Burks v. State*, No. 02-13-00560-CR, 2015 WL 115964, at *1 (Tex. App.—Fort Worth Jan. 8, 2015, pet. filed); *Forsyth v. State*, 438 S.W.3d 216, 223 (Tex. App.—Eastland 2014, pet. ref'd).

The trial court and the parties then immediately proceeded to trial. The trial began with Appellant's trial counsel announcing the following stipulation on the record:

> We agreed that we would stipulate that he was driving and operating a motor vehicle on a public road or highway in Wise County on that particular date. We'll stipulate to the intoxication and his driving.
>
> And I believe that after that stipulation, the State's only burden is to prove that he has two prior convictions, your Honor.

Appellant personally testified that he agreed to the stipulation, and the prosecutor announced that the State agreed with the terms of the stipulation, whereupon the trial court accepted it. The trial court ultimately found Appellant guilty of felony DWI based upon its determination that the State had sufficiently proven Appellant's two prior DWI convictions.

### Sufficiency of the Evidence

In his third issue, Appellant challenges the sufficiency of the evidence to prove that he had previously been convicted of two prior offenses of driving while intoxicated.[3] A person may be charged with felony DWI if he has two previous convictions for DWI. PENAL § 49.09(b)(2). The two prior DWI convictions are elements of the offense of felony DWI. *Martin v. State*, 200 S.W.3d 635, 640–41 (Tex. Crim. App. 2006). The two prior convictions are jurisdictional, as opposed to mere enhancement allegations. *Id.* at 640. The State must prove the two prior DWI convictions at the guilt/innocence stage of trial in order to obtain a felony DWI conviction. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).

Evidence that a defendant has been convicted of a prior offense must establish beyond a reasonable doubt (1) that the prior conviction exists and (2) that

---

[3]We are initially addressing Appellant's third issue because it could potentially result in his acquittal.

the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). The State may prove a prior conviction in a number of different ways. *Id.* at 921–23. The State is not required to produce a specific document or specific proof because "[t]here is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id.* at 921. The proof that is adduced to establish that the defendant on trial is the same person named in the prior conviction "closely resembles a jigsaw puzzle." *Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988)). Standing alone, the pieces usually have little meaning, but when fitted together, the pieces usually form the picture of the person who committed the alleged prior conviction or convictions. *Id.* The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. *Id.* Whatever form the State's proof takes, however, it must be sufficient to prove the defendant's prior conviction beyond a reasonable doubt. *Id.* at 923.

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895–96 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and, in doing so, determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Id.* The trier of fact is the sole judge of the weight and credibility of witness testimony; therefore, on appeal, we must give deference to the factfinder's determinations. *Id.* If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Id.*

Appellant limits his evidentiary challenge under his third issue to the contention that the State failed to affirmatively link him to the Tarrant County conviction. Specifically, Appellant alleges that the officer that testified as a fingerprint expert was not able to read the fingerprint on the judgment from the Tarrant County conviction and, thus, could not tell if Appellant was indeed the individual convicted in the Tarrant County conviction. We conclude that the State offered additional evidence that sufficiently linked Appellant to the Tarrant County conviction.

State's Exhibit No. 2 contained a certified Order Revoking Probation for Appellant's conviction in Tarrant County for DWI. State's Exhibit No. 3 consisted of the Texas Department of Public Safety's Certified Abstract Record for Appellant. State's Exhibit No. 3 contained Appellant's name, date of birth, address, driver's license number, dates of arrest, charged offenses, findings of guilt, and the judicial case identification number for the Tarrant County conviction. This information matches the information in the revocation of probation order arising from the Tarrant County conviction, with one exception—the Certified Abstract Record lists the "conviction date" for the Tarrant County conviction as being December 12, 1994. This was actually the date that Appellant's probation was revoked for the Tarrant County conviction.

The charging instrument for the subsequent Wise County conviction alleged the details of the Tarrant County conviction. Additionally, the judgment from the Wise County conviction that Appellant offered into evidence during the hearing on the motion to quash specifically states that this was a conviction for a Class A misdemeanor DWI under Section 49.09(a). *See* PENAL § 49.09(a). A conviction of a Class A misdemeanor DWI requires a finding of a prior conviction of DWI. *Id.* Thus, Appellant pleaded guilty to a Class A misdemeanor in the subsequent Wise

County conviction that specifically alleged the existence of his prior Tarrant County conviction.

Viewing the evidence in the light most favorable to the verdict, we conclude that the trial court could have found beyond a reasonable doubt that Appellant had been convicted of the two prior DWIs alleged in the indictment. We overrule Appellant's third issue.

*Motion to Quash Indictment*

In his second issue, Appellant challenges the trial court's denial of his pretrial motion to quash the indictment.[4] Appellant argues that the indictment should have been quashed because the 2010 conviction that was alleged in the indictment is purportedly void and therefore could not be used to elevate his 2011 offense to a felony DWI. He bases this contention on the argument that the punishment he received for his Wise County conviction was below the minimum punishment range for a Class A misdemeanor DWI. In this regard, Appellant received a punishment of three days in jail, with the sentence being suspended and Appellant placed on community supervision for one day. The minimum range of jail time for a Class A misdemeanor DWI is thirty days. PENAL § 49.09(a).

We review de novo a trial court's ruling on a motion to quash an indictment because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Appellant's challenge to the Wise County conviction fails as a matter of law under the holding in *Rhodes v. State*, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007). *Rhodes* is applicable because the Wise County conviction was the result of a plea agreement. The Court of Criminal Appeals held in *Rhodes* that "[a] defendant who has enjoyed the benefits of an

---

[4]We are addressing Appellant's second issue next because it is jurisdictional in nature.

agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." 240 S.W.3d at 892. Accordingly, Appellant is prohibited from collaterally attacking the Wise County conviction on the basis of it being too lenient. *Id.* Appellant's second issue is overruled.

*Motion to Suppress*

In his first issue, Appellant challenges the trial court's denial of his motion to suppress. Appellant alleged as follows in his motion:

> For cause, Defendant would show that the stop of Defendant was without a warrant or probable cause. There was no probable cause based upon acceptable scientific protocol. Further, the so-called-tipster was not shown to be credible. The officer did nothing to corroborate the tip from the unknown informant.

The suppression hearing began with the prosecutor acknowledging that the State had the burden of establishing a valid basis for the arresting officer's conduct because Appellant was "stopped without warrant." The prosecutor then called Trooper Jeff Johnson of the Texas Department of Public Safety as a witness.

Trooper Johnson testified on direct examination that he was dispatched at 12:30 a.m. on January 30, 2011, to a "possible intoxicated driver leaving the store." He arrived at the Exxon at the intersection of Highway 101 and Highway 380. While he was making a turn onto Highway 101, Trooper Johnson saw a white Pontiac in the Exxon parking lot. This vehicle matched the description given to Trooper Johnson over the radio. Trooper Johnson then saw "the Pontiac's brake lights come on," and the car "started backing up." The Pontiac pulled onto Highway 101 driving northbound.

Trooper Johnson pulled behind the vehicle and noticed that the vehicle "accelerated quickly." Trooper Johnson testified that he checked the speed of the vehicle on the radar in his patrol car and that "it was 62 in a 55." The posted speed

limit on that road was fifty-five miles per hour. The prosecutor concluded his direct examination of Trooper Johnson as soon as he elicited testimony from Trooper Johnson that he stopped Appellant because of the speeding violation that he observed. In this regard, it appears that the State treated Appellant's motion to suppress as solely an attack on the arresting officer's basis for initiating the stop of Appellant.

On cross-examination, Appellant's trial counsel asked Trooper Johnson about an anonymous tip that Trooper Johnson had overheard on the radio. Trooper Johnson testified that he stopped Appellant because of his speed and not because of the anonymous tip about an intoxicated person. Trooper Johnson further testified on cross-examination that Appellant "eventually stopped" after the lights on Trooper Johnson's patrol vehicle had been "on for a while." Appellant's counsel obtained a copy of Trooper Johnson's report during cross-examination. Based upon the questions asked during cross-examination, it appears that Trooper Johnson noted in the report that Appellant "almost struck the guardrail" when pulling over. However, Trooper Johnson did not observe Appellant weaving in his lane. Appellant's counsel further elicited testimony from Trooper Johnson during cross-examination that Appellant refused to perform any field sobriety tests and that Appellant told Trooper Johnson what he had to drink. Near the end of counsel's brief cross-examination, he asked Trooper Johnson: "So, you arrested him, based upon the odor of alcohol on his breath?" Trooper Johnson replied in the affirmative.

At the conclusion of the evidence presented during the suppression hearing, the trial court received closing arguments from the attorneys. The prosecutor argued that Trooper Johnson had "probable cause to stop" Appellant because of his

observation of Appellant's speeding violation. Appellant's trial counsel responded by arguing as follows:

> And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything. No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.
>
> It's our position that anything after the stop should be suppressed, because there's no probable cause for his arrest.

On appeal, Appellant does not challenge Trooper Johnson's basis for initiating the traffic stop. Instead, Appellant directs his challenge on the contention that Trooper Johnson did not have probable cause to arrest him for DWI.[5]

A defendant seeking to suppress evidence on the basis of an alleged Fourth Amendment violation bears the initial burden of rebutting the presumption of proper police conduct. *Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). A defendant meets this burden by demonstrating that the challenged search or seizure occurred without a warrant. *Id.* The burden then shifts to the State to prove that the search or seizure was reasonable under the totality of the circumstances. *Amador v. State*, 221 S.W.3d 666, 672–73 (Tex. Crim. App. 2007) (*Amador I*). This burden may be satisfied by a showing that one of the statutory exceptions to the warrant requirement is met. *See Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

In this case, it is undisputed that no warrant was issued for Appellant's arrest. As a result, the State bore the burden of establishing the reasonableness of Appellant's detention and arrest. *See Young*, 283 S.W.3d at 872; *Amador I*, 221 S.W.3d at 672–73. Under the Fourth Amendment, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009)

---

[5]The State does not assert, nor do we find, that Appellant failed to preserve his challenge to the probable cause supporting his warrantless arrest by Trooper Johnson.

(*Amador II*). "'Probable cause' for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Id.* The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Id.* A finding of probable cause requires more than bare suspicion but less than would justify conviction. *Id.* Whether a specific search or seizure is reasonable or supported by probable cause is a question of law subject to de novo review. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

In the absence of express findings of fact and conclusions of law, the trial court's denial of Appellant's motion to suppress constitutes an implicit conclusion by the trial court that the State carried its burden of proving that, under the totality of the circumstances, Trooper Johnson's warrantless arrest of Appellant was supported by probable cause for an offense committed in his presence. *Amador II*, 275 S.W.3d at 879. Our task is to determine whether the trial court, in so concluding, abused its discretion. *Id.* Because of the very limited inquiry at the hearing on the motion to suppress regarding Trooper Johnson's basis for arresting Appellant, we conclude that the trial court erred in denying the motion to suppress.

Appellant alleges that Trooper Johnson arrested him for DWI "based solely upon the odor of alcohol on Appellant's breath." Appellant additionally contends as follows in his brief:

> Trooper Johnson did not observe anything abnormal about Appellant's eyes or speech; nor did he notice if Appellant swayed when he walked, or any other signs that might indicate that Appellant was intoxicated.

10

We disagree with Appellant's limited view of Trooper Johnson's testimony. Trooper Johnson simply was not asked about any physical observations that he made of Appellant's eyes, speech, or movement; nor was he asked what effect, if any, these observations may have had on his decision to arrest Appellant. Trooper Johnson's affirmative response to the question from Appellant's trial counsel about the odor of alcohol indicates that it was *a factor* he relied upon in making the decision to arrest Appellant.[6] However, the record is silent as to what other factors Trooper Johnson *may* have relied upon in making the decision to arrest. Whether probable cause exists to justify a warrantless arrest must be considered under the totality of the circumstances surrounding the arrest. *Amador II*, 275 S.W.3d at 878. Based on the very limited record developed at the hearing on the motion to suppress regarding Trooper Johnson's basis for arresting Appellant, we conclude that the trial court erred in determining that the State met its burden of proof to show probable cause for Appellant's arrest. To hold otherwise would require us to speculate on what other factors, if any, Trooper Johnson may have relied upon in arresting Appellant, including Appellant's refusal to perform field sobriety tests,[7] Appellant's response to the question regarding what he had been drinking, Appellant's speeding violation, and Appellant's act of almost striking a guardrail.

The State responds to Appellant's challenge to the probable cause for the arrest by asserting that the trial court did not err in overruling Appellant's motion to suppress because "the record is absent of any evidence obtained by the State after Appellant's arrest that would be subject to suppression." Based on this assertion, the State contends that any error by the trial court in denying the motion

---

[6]Appellant cites *Domingo v. State*, 82 S.W.3d 617, 621–22 (Tex. App.—Amarillo 2002, no pet.), for the proposition that the odor of alcohol alone is not sufficient to establish probable cause to make an arrest for intoxication.

[7]*See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd) (noting suspect's refusal to perform field sobriety tests as a factor supporting probable cause to make DWI arrest).

to suppress is harmless.  We disagree with the State's analysis.  After the trial court erroneously denied the motion to suppress, Appellant stipulated to the allegation that he was driving while intoxicated.  In many respects, Appellant's stipulation is akin to a plea of guilty.  The Court of Criminal Appeals has stated that appellate courts are not to speculate as to an appellant's reasons for entering a "guilty" plea or as to whether the appellant would have done so if the motion to suppress had been granted.  *See Holmes v. State*, 323 S.W.3d 163, 172–73 (Tex. Crim. App. 2009); *McKenna v. State*, 780 S.W.2d 797, 799–800 (Tex. Crim. App. 1989); *Kraft v. State*, 762 S.W.2d 612, 613–15 (Tex. Crim. App. 1988); *Paulea v. State*, 278 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).  As long as the evidence that should have been suppressed would in any measure inculpate the accused, this court must presume that the trial court's denial of Appellant's motion to suppress influenced Appellant's decision to plead "guilty" and is reversible error.  *See McKenna*, 780 S.W.2d at 799–800; *Kraft*, 762 S.W.2d at 613–15; *Paulea*, 278 S.W.3d at 867.  The record in this appeal indicates that Appellant was subjected to a mandatory blood draw after his arrest.  While the record is silent regarding the results of the blood draw, we assume that the results were inculpatory based upon Appellant's stipulation to being intoxicated—a stipulation that occurred after the motion to suppress was denied.  Accordingly, we presume that the trial court's erroneous denial of Appellant's motion to suppress influenced his decision to enter the stipulation.  Therefore, the error is reversible. We sustain Appellant's first issue.

### Conclusion

We conclude that Appellant's conviction was supported by sufficient evidence.  Additionally, we uphold the trial court's denial of Appellant's pretrial

motion to quash the indictment. However, we sustain Appellant's first issue challenging the trial court's denial of his pretrial motion to suppress.

*This Court's Ruling*

We reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.


JOHN M. BAILEY

JUSTICE


March 20, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.