FILED IN
COURT OF CRIMINAL APPEALS

October 2, 2015

ABEL ACOSTA, CLERK

PD-0681-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/2/2015 2:52:08 PM
Accepted 10/2/2015 3:08:28 PM
ABEL ACOSTA
CLERK

No. PD-0681-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DAVID LEE CLEMENT, JR.,                                    Appellant

v.

THE STATE OF TEXAS,                                        Appellee

Appeal from Wise County

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

\*      The parties to the trial court's judgment are the State of Texas and Appellant, David Lee Clement, Jr.

\*      The trial Judge was Hon. John H. Fostel.

\*      Trial counsel for the State was District Attorney Gregory Lowery and Assistant District Attorneys Jay Lapham and Tim Cole, 101 N. Trinity, Suite 200, Decatur, Texas 76234.

\*      Counsel for the State before the Court of Appeals was Assistant District Attorney Lindy Borchardt, 101 N. Trinity, Suite 200, Decatur, Texas 76234, and Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\*      Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

\*      Counsel for Appellant in the trial court and before the Court of Appeals was Jim Shaw, 916 W. Belknap, Fort Worth, Texas 76102.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1.   **Does a suppression motion's mere citation to the Fourth Amendment and probable cause, or a belated closing argument that anything after the "stop" be suppressed due to lack of probable cause for "arrest," preserve an illegal arrest claim?**

2.   **Did the lower court err by basing its illegal arrest holding on the officer's subjective reasoning rather than the objective facts he articulated that routinely support a DWI arrest?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-16

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

# INDEX OF AUTHORITIES

**Cases**

*Amador v. State*, 275 S.W.3d 872 (Tex. Crim. App. 2009). . . . . . . . . . . . 15 n.24-25

*Bosley v. State*, 414 S.W.2d 468 (Tex. Crim. App. 1967). . . . . . . . . . . . . . 11 n.11

*Buchanan v. State*, 207 S.W.3d 772 (Tex. Crim. App. 2006).. . . . . . . . . . . 12 n.15

*Clement v. State*, 461 S.W.3d 274 (Tex. App.—Eastland 2015). . . . . . . . . . . 7, 14

*Clement v. State*, No. 11-13-000055-CR, 2015 Tex. App. LEXIS 4801 (Tex. App.—Eastland 2015) (on reh'g). . . . . . . . . . . . . . . . . . . . . . . . 7, 10 n.10, 14

*State v. Copeland*, No. PD-1802-13, 2014 Tex. Crim. App. Unpub. LEXIS 929 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication).. . . . . . . . . . . . . . 8 n.4

*Curtis v. State*, 238 S.W.3d 376 (Tex. Crim. App. 2007).. . . . . . . . . . . . . . 15 n.25

*Devenpeck v. Alford*, 543 U.S. 146 (2004). . . . . . . . . . . . . . . . . . . . . . 14 n.20-21

*State v. Elias*, 339 S.W.3d 667 (Tex. Crim. App. 2011).. . . . . . . . . 13 n.18, 14 n.19

*State v. Esparza*, 413 S.W.3d 81 (Tex. Crim. App. 2013). . . . . . . . 12 n.15, 13 n.16

*Foster v. State*, 326 S.W.3d 609 (Tex. Crim. App. 2010). . . . . . . . . . . . . . 15 n.23

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). . . . . . . . . . . . . . 16 n.27

*Handy v. State*, 189 S.W.3d 296 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . 8 n.4

*Hernandez v. State*, 176 S.W.3d 821 (Tex. Crim. App. 2005).. . . . . . . . . . . 13 n.17

*Lovill v. State*, 319 S.W.3d 687 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . 9 n.8

*Maxwell v. State*, 253 S.W.3d 309 (Tex. App.—Fort Worth 2008). . . . . . . . . 16 n.26

*Navarette v. California*, 134 S. Ct. 1683 (2014).. . . . . . . . . . . . . . . . . . . . . . . 15 n.22

*Neal v. State*, 150 S.W.3d 169 (Tex. Crim. App. 2004). . . . . . . . . . . . 9 n.8, 12 n.13

*Ouellette v. State,* 353 S.W.3d 868 (Tex. Crim. App. 2011). . . . . . . . . . . . . 16 n.26

*Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . 13 n.16

*Postell v. State*, 693 S.W.2d 462 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . 10

*Renya v. State*, 168 S.W.3d 173 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . 9 n.7

*Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009). . . . . . . . 2 n.2-3, 8 n.5

*State v. Robinson*, 334 S.W.3d 776 (Tex. Crim. App. 2011). . . . . . 8, 8 n.4, 12 n.12

*Sells v. State*, 121 S.W.3d 748 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . 11 n.11

*Swain v. State*, 181 S.W.3d 359 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . 8 n.5

*Taylor v. State*, 863 S.W.2d 737 (Tex. Crim. App. 1993). . . . . . . . . . . . . . 12 n.14

*Wiede v. State*, 214 S.W.3d 17 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . 13 n.18

**Statute and Rule**

Tex. Code Crim. Proc. art. 28.01 § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. R. App. P. 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 n.2, 10 n.9

No. PD-0681-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


DAVID LEE CLEMENT, JR.,                                          Appellant

v.

THE STATE OF TEXAS,                                             Appellee


Appeal from Wise County

* * * * *

**STATE'S BRIEF ON THE MERITS**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her Brief on the Merits.

**STATEMENT REGARDING ORAL ARGUMENT**

The Court did not grant oral argument.

1

## STATEMENT OF THE CASE

After Appellant's motion to suppress was denied, he was convicted of felony DWI and sentenced to four years' imprisonment. The court of appeals reversed the trial court's denial of Appellant's motion to suppress. It held that Appellant's challenge to the legality of his arrest was preserved because: (1) his motion cited the Fourth Amendment and probable cause standard applicable to arrests, and (2) he argued he was arrested without probable cause in his closing statement at the suppression hearing. It then held that the arresting officer lacked probable cause because, even though he testified about several facts courts consider decisive in assessing and finding probable cause, he justified the arrest based solely on the smell of alcohol on Appellant's breath.

## ISSUES PRESENTED

1.  **Does a suppression motion's mere citation to the Fourth Amendment and probable cause, or a belated closing argument that anything after the "stop" be suppressed due to lack of probable cause for "arrest," preserve an illegal arrest claim?**

2.  **Did the lower court err by basing its illegal arrest holding on the officer's subjective reasoning rather than the objective facts he articulated that routinely support a DWI arrest?**

## STATEMENT OF FACTS

Trooper Jeff Johnson received a dispatch report about the presence of a "possible intoxicated" owner of a white Pontiac at a nearby Exxon station around 12:30 a.m. on a Sunday morning. 2 RR 12-13, 16. Soon after, Johnson stopped at a gas station across the street from the Exxon and spotted the white Pontiac backing up in the parking lot.[1] 2 RR 13. When Appellant pulled onto the road, Johnson followed. 2 RR 14. Appellant accelerated quickly, and Johnson checked Appellant's speed on his radar unit. 2 RR 14. Appellant was traveling 62 m.p.h. in a 55 m.p.h. zone. 2 RR 14. When Johnson activated his overhead lights, 2 RR 19, Appellant pulled onto the right shoulder and almost "struck" the guardrail before stopping. 2 RR 23.

Johnson told Appellant he stopped him for speeding. 2 RR 25. Johnson smelled alcohol on Appellant's breath, and he and Appellant discussed what Appellant had to drink. 2 RR 25, 27. Appellant declined to participate in any field sobriety tests. 2 RR 26. Johnson agreed with defense counsel's statement that he arrested Appellant for DWI "based on the odor of alcohol on his breath." 2 RR 25-26.

---

[1] The Pontiac was the only other vehicle in the lot besides a local police unit. 2 RR 17.

3

The trial court denied Appellant's motion to suppress without entering any findings and conclusions. 2 RR 31.

## SUMMARY OF THE ARGUMENT

The court of appeals erred to hold that Appellant's challenge to the legality of his arrest was preserved for review. Appellant's motion to suppress did not specifically challenge his arrest. Contrary to the court of appeals' determination, mere mention of the Fourth Amendment and probable cause was insufficient to notify the trial court and State that Appellant was claiming his arrest was unlawful. Further, Appellant's brief closing statement at the suppression hearing that he was arrested without probable cause, coupled with his request that anything after the "stop" be suppressed due to lack of probable cause for "arrest," lacked specificity and was also untimely.

Next, even if preserved, the court of appeals erred to hold that Johnson's sole subjective justification controlled the outcome. The following objective facts, which Johnson testified about, provided probable cause that Appellant had been driving while intoxicated: (1) the citizen-informant's tip that Appellant was intoxicated; (2) it was 12:30 a.m. on a weekend; (3) Appellant's driving in excess of the speed-limit while Johnson was following; (4) Appellant's act of nearly striking the guardrail when pulling over; (5) Appellant's admission to drinking alcohol; (6) the smell of

4

alcohol on Appellant's breath; and (6) Appellant's refusal to participate in any field sobriety tests.

## ARGUMENT

1. **Appellant's illegal arrest complaint was not properly preserved due to non-specificity and untimeliness.**

   **A.  Background**

   Appellant filed a pretrial motion to suppress, arguing:

   > the *stop* of Defendant was without a warrant or probable cause.  There was no probable cause based upon acceptable scientific protocol. Further, the so-called-tipster was not shown to be credible.  The officer did nothing to corroborate the tip from the unknown informant.

1 CR 18-19 (emphasis added).

At the beginning of the suppression hearing, Appellant asked the State to stipulate that he was stopped without a warrant.  2 RR 10.  The State agreed and called Johnson to testify.  2 RR 11-16.  After establishing that Johnson stopped Appellant for speeding, the State passed the witness.  2 RR 16.  Appellant cross-examined Johnson about the facts leading up to the stop and then questioned him about the circumstances leading up to his arrest.  2 RR 16-28.

In closing, the prosecutor asserted: "The radar unit showed his speed over the posted speed limit, so based on that he had probable cause to stop."  2 RR 29.

Appellant responded, first addressing the stop:

5

Well, without calling into account the credibility of the officer's ability to recollect, this stop was predicated on an uncorroborated informant's tip[] that there was a possible intoxicated driver; no showing how that person knew they were intoxicated, who it was from, or whether they were credible. So it gets down to the officer trying to make a stop.

When he sees the guy driving properly down the street, and he sees the vehicle being operated correctly, he sees the driver of the vehicle driving between a white line and the guardrail; a keen sense of driving, he says; but he pulls him over anyway for speeding; and that's -- that's where the stop is.

He then changed topics and argued:

And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything. No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.

It's our position that *anything after the stop should be suppressed, because there's no probable cause for his arrest*.

The arrest led to an interview. The interview led to a mandatory blood draw, based upon the belief that it was his third DWI.

2 RR 30 (emphasis added).

## B. Analysis

"The purpose of requiring a specific objection [under Texas Rule of Appellate Procedure 33.1(a)(1)(A)] . . . is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel

6

the opportunity to respond to the complaint."[2]  If an objection is deemed general or imprecise, the context will be considered, and "[w]hen the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection."[3]

### i. Non-Specificity

On appeal, Appellant claimed that his arrest was not supported by probable cause.  *Clement v. State*, 461 S.W.3d 274, 280 (Tex. App.—Eastland 2015).  On original submission, the court of appeals addressed preservation *sua sponte* and held that Appellant preserved his claim.  *Id*. at 281 n.5.  On rehearing, the court of appeals rejected the State's contention that Appellant's arrest challenge was not preserved, concluding that Appellant's reference to the Fourth Amendment and probable cause standard in his motion to suppress, combined with his closing argument, were sufficient to preserve error.  *Clement v. State*, No. 11-13-000055-CR, 2015 Tex. App. LEXIS 4801, at *4-9 (Tex. App.—Eastland 2015) (on reh'g).

Though the State carries the burden to justify a warrantless stop or arrest, the defendant has the (pre-shifting) initial burden of raising a challenge to the validity of

---

[2]  *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (requires a complaint to be timely and the reason to be made with "sufficient specificity" to make the trial court aware of it).

[3]  *Id*. at 313.

the stop or arrest.[4] Appellant's motion broadly referencing the Fourth Amendment and probable cause was not sufficient to notify the trial court and State that he was contesting his arrest.[5] "[A] complaint that could, in isolation, be read to express more than one legal argument will generally not preserve all potentially relevant arguments for appeal."[6] Additionally, the remainder of the motion did not connect the previous Fourth Amendment or probable cause references to the legality of Appellant's arrest.

_____

[4] *State v. Robinson*, 334 S.W.3d 776, 778-79 (Tex. Crim. App. 2011) ("A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct."); *cf. Handy v. State*, 189 S.W.3d 296, 298-99 (Tex. Crim. App. 2006) (the State had no duty to exhibit the warrant and supporting affidavit because Handy's boilerplate suppression motion failed to satisfy his initial burden to prove standing or that the search was unreasonable on its face); *see also State v. Copeland*, No. PD-1802-13, 2014 Tex. Crim. App. Unpub. LEXIS 929, at *14-15 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication) (declining to hold that the State's consent theory was procedurally defaulted because appellee never asserted lack of valid consent in his motion to suppress).

[5] *See, e.g., Resendez*, 306 S.W.3d at 313 (reference to Article 38.22 in motion to suppress was "insufficient in itself to preserve for appeal the specific argument that police failed to memorialize his *Miranda* warnings on tape as required by Article 38.22, Section 3(a)(2)."); *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (motion to suppress stating, "any statements made by [the appellant] were obtained in violation of his right to counsel and his right against self-incrimination as guaranteed by U.S. Const. amends. V, VI, and XIV, and Tex. Const. art. I, §§ 10 and 19," was too global in nature to preserve the specific argument that the police had violated his right to counsel under the Fifth and Sixth Amendments by questioning him after he appeared before the magistrate and requested counsel).

[6] *Resendez*, 306 S.W.3d at 314.

It explicitly challenged only the validity of the stop, scientific protocol and testing, and tipster credibility. Notably, it incorrectly stated that the justification for the stop is measured by probable cause. The explicit items mentioned and the confusion about the applicable standard for an arrest cuts against the conclusion that the motion could legitimately be understood as a challenge to an arrest.[7]

Next, Appellant's closing argument also failed to provide adequate notice that he was contesting the legality of his arrest. The stated violation and relief requested are incongruous: A lack of probable cause for the *arrest* does not support the requested relief of suppression of anything after the *stop*.[8] Therefore, as with his motion, it is unreasonable to conclude that it was apparent that Appellant was challenging and requesting a ruling on the legality of his arrest.

---

[7] *Cf. Renya v. State*, 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2005) (challenge to a witness' "credibility" could invoke the Rules of Evidence or the Confrontation Clause; therefore, appellant's failure to clearly assert that the Confrontation Clause required admission failed to preserve his Sixth Amendment claim).

[8] *Cf. Lovill v. State*, 319 S.W.3d 687, 692 (Tex. Crim. App. 2009) (rarely urged selective gender-based prosecution complaint not preserved due to lack of specificity when the appellant had argued, in mitigation, that the revocation proceedings were based on her pregnancy); *Neal v. State*, 150 S.W.3d 169, 175, 177 (Tex. Crim. App. 2004) (vindictive prosecution claim requiring a dismissal of the charge was not preserved due to lack of specificity because appellant only presented it as mitigation evidence at punishment).

### ii. Untimely

Even assuming that Appellant's closing remarks should have provided notice that the validity of Appellant's arrest was now at issue, that challenge was untimely.[9] Appellant was responsible for timely designating any suppression issues under Texas Code of Criminal Procedure Article 28.01, Section 2.[10] That provision states, in part:

> When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.

TEX. CODE CRIM. PROC. art. 28.01 § 2; *see Postell v. State*, 693 S.W.2d 462, 465 (Tex. Crim. App. 1985) (seven-day limit is not mandatory unless ten days notice has been given).

---

[9] *See* TEX. R. APP. P. 33.1(a)(1)(2).

[10] The court of appeals rejected the State's reliance on Article 28.01, Section 2. It determined that the State failed to cite any authority stating that Section 2's timeliness requirement trumps the timeliness requirements for preservation under Texas Rule of Appellate Procedure 33.1. *Clement*, 2015 Tex. App. LEXIS 4801, at *9. It also held that the State could not rely on this theory to justify the trial court's ruling because it failed to present this argument in the trial court. *Id*. at *9-10.
　　First, there is no procedural default, as the State was the winning party in the trial court. Second, Article 28.01, Section 2 is not trumped by Rule 33.1. It is a statute, addressing the time requirement for raising issues to be heard at a pretrial hearing, and thus trumps Rule 33.1 according to the hierarchy of laws.

At the very least, Appellant was provided with well over ten days in which to file his motion to suppress. He was granted a continuance on January 31, 2012. 1 CR 11, 34. Yet his motion was filed approximately eight months later on September 25, 2012, the date designed by the trial court as "jury trial." 1 CR 35. This was also the date that the trial court decided to hear and rule on Appellant's pretrial motions. 1 CR 18-19, 35. And, as stated above, Appellant failed to challenge—with the requisite specificity—the legality of his arrest in the motion, and there is no evidence that Appellant made a "good cause" argument to justify his failure to raise the claim earlier. Therefore, even if the record could be construed as showing that the trial court implicitly ruled that there was "good cause" to excuse the seven-day time limit with respect to the claims raised in his last-minute motion, there is no evidence that the trial court also granted him permission to challenge his arrest.

Next, even assuming that Article 28.01, Section 2's seven-day limit is regarded as inapplicable or waived,[11] Appellant's suppression motion and stated agenda at the hearing concerned only the validity of the stop. The State should be entitled to rely on Appellant's strategically selected litigation notice when defending against his

---

[11] *See Bosley v. State*, 414 S.W.2d 468, 470 (Tex. Crim. App. 1967) (Article 28.01 gives the trial court discretion to decline to hear an untimely motion to suppress filed the day of trial); *see also Sells v. State*, 121 S.W.3d 748, 763 (Tex. Crim. App. 2003) (suggesting that the trial court can waive seven-day filing requirement).

motion in court.[12]  The State prepared for the hearing accordingly and tailored its

questioning to the contested issue.[13]  The arrest issue was outside the stated scope of

the purpose of the suppression hearing.[14]  Therefore, Appellant's belated complaint

about his arrest, thrown in (disjointedly) at the end of his closing argument, was made

too late for purposes of requesting suppression at the hearing.[15]  Unless challenged

by a specific objection or motion, the State need not present evidence to satisfy its

ultimate burden with respect to any viable, potential issue that could be raised by the

---

[12]  *Cf. Robinson*, 334 S.W.3d at 779 ("Since appellee never produced evidence of a statutory violation, the State never had the burden to prove that the blood sample was drawn by a qualified person.").

[13]  *See, e.g., Neal*, 150 S.W.3d at 179 (observing that that State was deprived of the opportunity to introduce evidence controverting appellant's claim because of appellant's failure to properly raise it pretrial).

[14]  *Compare with Taylor v. State*, 863 S.W.2d 737, 738 (Tex. Crim. App. 1993) (memorandum that included additional legal theories concerning the legality of the appellant's arrest, which was filed after suppression hearing, preserved error when the legality of the arrest was first challenged in a timely suppression motion and at the suppression hearing).

[15]  *Cf. State v. Esparza*, 413 S.W.3d 81, 87 n.23 (Tex. Crim. App. 2013) ("The State was never alerted that it must satisfy a burden at the pretrial hearing to produce evidence sufficient to establish scientific reliability.  To affirm the trial court's ruling that granted the appellee's motion to suppress on the basis of a failure by the State to produce evidence under these circumstances is unacceptable."); *Buchanan v. State*, 207 S.W.3d 772, 777 (Tex. Crim. App. 2006) ("Nothing about the hearing up to [the closing argument] would reasonably have alerted the trial court or opposing counsel that the appellant meant to challenge the legality of his arrest under Chapter 14, as opposed to the constitutional provisions cited in his written motion to suppress.").

12

defendant.[16]  If no rule preventing unfair surprise existed, then the State would be saddled with the burden of securing all the necessary witnesses to address each and every possible legal issue a defendant could decide to raise at a scheduled hearing.[17] This would significantly burden Texas' already limited judicial resources.

**2.      Alternatively, the objective facts establish probable cause for the arrest.**

On rehearing, the court of appeals rejected the State's arguments that it erred to apply the objective standard[18] and defer to any factfindings that support the trial

---

[16]  *See Pham v. State*, 175 S.W.3d 767, 773-74 (Tex. Crim. App. 2005) ("We have long held that the burden of persuasion is properly and permanently placed upon the shoulders of the moving party.  When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case.") (internal quotes deleted); *cf. Esparza*, 413 S.W.3d at 86 (while the proponent of scientific evidence carries the burden of proving reliability at a pretrial hearing or at trial, the proponent is not obligated to satisfy the burden until the opponent objects on the basis of reliability).

[17]  *Cf. Hernandez v. State*, 176 S.W.3d 821, 825-26 (Tex. Crim. App. 2005) (State's failure to provide TEX. R. EVID. 404(b) notice indicates that it does not think an extraneous offense is relevant, thereby relieving the defendant of having to prepare to defend against it).

[18]  *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) ("The subjective intent or motivations of law enforcement officials is not taken into account when considering the totality of the circumstances."); *see also State v. Elias*, 339 S.W.3d 667, 675 (Tex. Crim. App. 2011) (the appropriate question is "whether the objective facts would have justified an officer in [the officer's] shoes in detaining the appellee . . . .").

court's ruling.[19]  It explained that it had recognized (on original submission) that the record developed at the hearing was very limited as to Johnson's basis for arresting Appellant.  *Clement*, 2015 Tex. App. LEXIS 4801, at *12.  As a result, it faced the "dilemma [of] conducting an analysis of the totality of the circumstances facing the arresting officer on a very limited record rather than basing [its] analysis on Trooper Johnson's subjective beliefs."  *Id*.

By saying it would be required to "speculate" as to other factors (besides alcohol on breath) that Johnson relied upon, the court of appeals disregarded controlling authority by applying an improper subjective standard.  *See Clement*, 461 S.W.3d at 282.  The Supreme Court has declared, "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."[20]  Otherwise, "An arrest made by a knowledgeable, veteran officer would be valid, whereas an arrest made by a rookie in precisely the same circumstances would not."[21]

Here, Johnson testified to all the dispositive facts the court erroneously declined to "speculate" about:

---

[19]  *Elias*, 339 S.W.3d at 673-74.

[20]  *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

[21]  *Id*.

14

- An anonymous citizen-informant called authorities and reported that Appellant was drunk and would soon be getting on the road in a white Pontiac, and Trooper Johnson immediately corroborated some of the information when he found Appellant at the reported location in a white Pontiac.[22] 2 RR 12-14, 16-18.

- The events occurred on a Saturday at 12:30 a.m.[23] 2 RR 12-13.

- Appellant was speeding, and it can rationally be inferred that his impaired mental faculties led him to disregard the speed limit with a police officer behind him.[24] 2 RR 14, 18.

- Appellant almost hit the guard-rail when he pulled onto the road's shoulder, and it can rationally be inferred that it was due to intoxication.[25] 2 RR 23-24.

---

[22] *See Navarette v. California*, 134 S. Ct. 1683, 1689-90 (2014) (a citizen-informant's report may have sufficient indicia of reliability depending on details indicating eyewitness knowledge, whether the location of the subject was confirmed, the time-line shows that the report was contemporaneous with the reported behavior, and the report was made on a 911 system that a reasonable officer could assume would deter false reporting).

[23] *See Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (time of day considered as a factor in determining reasonable suspicion of DWI).

[24] *See Amador v. State*, 275 S.W.3d 872, 879 (Tex. Crim. App. 2009) (citing speeding as a factor supporting probable cause of DWI).

[25] *See id*. (citing fumbling and slowness of movement as factors supporting probable cause of DWI and concluding that the inference that impairment was the root cause was reasonable); *Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007) (citing weaving in and out of a lane as a factor supporting reasonable suspicion of DWI).
Johnson agreed with Appellant's attorney's statement that Appellant exhibited "pretty keen driving" by avoiding hitting the guardrail because there was barely enough room for a car between the white line and guardrail. 2 RR 23-24. While the trial court could have found "keen driving," it reasonably inferred

(continued...)

- Appellant told Johnson he had been drinking. 2 RR 28.

- Appellant's breath smelled of alcohol. 2 RR 26.

- Appellant refused to take part in any field sobriety tests.[26] 2 RR 26.

The combined force of the circumstances above and reasonable inferences therefrom support the trial court's denial of Appellant's motion to suppress. The court of appeals erred by failing to defer to the lower court's implied factfindings that are supported by the record.[27] If this Court finds that Appellant properly preserved his illegal arrest claim, it should reverse the court of appeals' decision and hold that Appellant's arrest was lawful.

---

[25](...continued)
intoxication.

[26] *See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008) (citing refusal to perform field sobriety tests as a factor supporting probable cause of DWI); *cf. Ouellette v. State,* 353 S.W.3d 868, 870 (Tex. Crim. App. 2011) (refusal to take blood test deemed a piece of circumstantial evidence of intoxication for evidentiary sufficiency purposes).

[27] *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) ("as a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.").

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant review and reverse the decision of the court of appeals.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 3,744 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Brief has been served on

October 2, 2015, via email or certified electronic service provider to:

Hon. Lindy Borchardt
Wise County Courthouse
101 North Trinity Street
Suite 200
Decatur, Texas 76234
lindy@co.wise.tx.us

Hon. Jim Shaw
916 West Belknap
Fort Worth, Texas 76102
jimshaw@jimshawlaw.com


/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney